[Civ. No. 4189. First Appellate District, Division One.—July 5, 1922.]

## HARRY TAYIAN, Respondent, v. ARSEN YERETZIAN, Appellant.

[1] PROMISSORY NOTE — CREDITS ON COUNTERCLAIMS — EVIDENCE. — In this action on a promissory note assigned after maturity certain credits claimed by the defendant on his counterclaims were improperly disallowed.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed conditionally.

The facts are stated in the opinion of the court.

Arsen Yeretzian for Appellant.

K. Ohanian for Respondent.

PREWETT, J., pro tem.—This action is founded upon a promissory note in the sum of $333 executed by appellant to one Lillian and by him assigned after maturity to the respondent.

The appellant admits the execution of the note and he makes no pretense that he has liquidated it by direct cash payments. He claims, however, that he has certain counterclaims thereto aggregating nearly the sum due on the note. He brought a suit in the justice's court against said Lillian on these counterclaims and recovered therein a judgment against him in the sum of $286.50. Lillian thereupon appealed from the judgment of the justice, and it was

stipulated that the two actions should be consolidated and tried as one, and that the justice's court proceedings and judgment should be deemed and treated as a sufficient plea based upon said counterclaims.

The findings show that the sum of $338 and an attorney's fee of $50 were due on the promissory note, and that appellant was entitled to a credit of $251 on account of his counterclaims. The court further found that all the alleged items of counterclaim were due, save and except that the reasonable value of the services of appellant in making a trip from Fresno to Modesto was but $25 instead of the sum of $50 claimed by appellant. It is seen that this leaves a balance of $261.50, in which sum the appellant should have credit.

Appellant further claims that he should have been credited with the full sum of $50 for the Modesto trip, in view of the fact that that sum was agreed upon prior to the rendition of the service. Also, he insists that the respondent should not receive an attorney's fee of $50.

[1] Both these contentions must be sustained. As to the trip to Modesto, the evidence is clear and uncontradicted that Lillian and another were partners; that these partners through the other contracted with appellant to make the trip to Modesto, agreeing to pay him $50 for the service, and that upon the dissolution of the partnership Lillian agreed to assume and pay all the partnership debts, one of which was this item of $50. Under this state of facts the appellant was clearly entitled to credit for the full sum of $50.

As to the attorney's fee of $50 allowed by the court to the respondent for services of his attorney in this suit, it should, under the circumstances of the case, be scaled down to $20. It is true that the action of the trial court in allowing or scaling attorney's fees will not ordinarily be reviewed by a court on appeal, but in this case the note was assigned after maturity and the attorney for the respondent was informed weeks before the action was commenced that the appellant had certain defenses to the note. There is much in the record to suggest that the respondent is merely an assignee for purposes of collection. The respondent is entitled to a balance of but $51.50. He should have brought his action in a justice's court, and

before so doing he should have made at least some effort to ascertain the amount due to him. The evidence shows that the appellant made efforts to adjust the differences with the attorney for the respondent, but the matter never reached a conference.

Crediting the respondent with the $358 for principal, interest, and attorney's fees, and the appellant with the full amount of his counterclaim, $286.50, there remains a balance in favor of the respondent in the sum of $71.50, in which sum he should have judgment.

The court cannot on appeal supplement the findings of the trial court and the judgment must accordingly be reversed unless the respondent shall see fit to remit the excess. If the respondent shall within thirty days file in this court a stipulation to the effect that the judgment may be modified by reducing the amount thereof to $71.50, the judgment when thus modified is affirmed, otherwise the judgment is reversed. The appellant shall recover his costs on this appeal.

Tyler, P. J., and Richards, J., concurred.